# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **MYPAQ HOLDINGS LTD.,**<br><br>            **Plaintiff,**<br><br>    v.<br><br>**DELL TECHNOLOGIES INC. and DELL INC.,**<br><br>            **Defendants.** | **CIVIL ACTION NO. 6:21-cv-00933**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................................. 1

II.    BACKGROUND ............................................................................................................... 1

III.   LEGAL STANDARD ....................................................................................................... 2

IV.    ARGUMENT ..................................................................................................................... 3

       A.    MyPAQ Fails to Plead Pre-Suit Knowledge of the Asserted Patents ..................... 3

       B.    MyPAQ Fails to Adequately Plead Facts Showing the Requisite Specific
             Intent ....................................................................................................................... 4

V.     CONCLUSION .................................................................................................................. 6

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                               **Page(s)**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ...................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................2, 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................1, 2

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015)......................................................................................................2

*Conley v. Gibson*,
   355 U.S. 41 (1957)........................................................................................................2

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)....................................................................................3

*De La Vega v. Microsoft Corp.*,
   No. 19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..............2, 4

*DoDots Licensing Solutions LLC v. Lenovo Holding Co., Inc.*,
   No. CV-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018)................................6

*Glob.–Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)......................................................................................................2

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
   No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ........5

*MONKEYmedia, Inc. v. Twentieth Century Fox Home Ent, LLC*,
   226 F. Supp. 3d 693 (W.D. Tex. Dec. 8, 2016) ...........................................................3

*Monolithic Power Systems, Inc. v. Meraki Integrated Circuit (Shenzhen) Technology, Ltd.*,
   No. 6-20-cv-00876-ADA, 2021 WL 3931910 (W.D. Tex. Sep. 1, 2021) ..................4

*Rojas v. Wells Fargo Bank, N.A.*,
   571 F. App'x 274 (5th Cir. 2014) .................................................................................2

*VLSI Tech., LLC v. Intel Corp.*,
   No. 6:19-CV-000254-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019)...........3

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021)..............................................................................4

**STATUTES**

35 U.S.C. § 271(b) ...........................................................................................................................1

35 U.S.C. § 271(c) ........................................................................................................................1, 4

**OTHER AUTHORITIES**

FED. R. CIV. P. 8(a)(2) ....................................................................................................................2

FED. R. CIV. P. 12(b)(6) ...........................................................................................................1, 2, 4

## I. INTRODUCTION

Plaintiff MyPAQ Holdings Ltd. ("MyPAQ") filed an Original Complaint on September 10, 2021, accusing Defendants Dell Technologies Inc. and Dell Inc. (collectively "Dell") of directly and indirectly infringing U.S. Patent No. 7,675,759 ("the '759 Patent") and U.S. Patent No. 8,477,514 ("the '514 Patent") (together, the "Asserted Patents"). Dell moved to dismiss MyPAQ's Original Complaint under FED. R. CIV. P. 12(b)(6) for failing to state a claim. Dkt. 17 ("Motion to Dismiss"). Instead of substantively opposing Dell's motion, MyPAQ filed a First Amended Complaint for Patent Infringement on December 6, 2021. Dkt. 22 ("Amended Complaint"). But, the Amended Complaint fails to cure most of the deficiencies in MyPAQ's claims of indirect infringement that were identified in Dell's prior Motion to Dismiss, and MyPAQ's allegations of indirect infringement remain insufficient under the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). Accordingly, Dell respectfully requests that the Court dismiss Counts 2 and 4 of the Amended Complaint under FED. R. CIV. P. 12(b)(6).

## II. BACKGROUND

MyPAQ's Amended Complaint accuses Dell of directly and indirectly infringing Claims 1, 2, 6, 11, and 16 of the '759 Patent and Claims 1–3, 5–8, 10–12, 14–17, and 19–20 of the '514 Patent (collectively "Asserted Claims"). For the first time in its Amended Complaint, MyPAQ provided sample claim charts comparing the Asserted Claims and accused product for direct infringement.

However, MyPAQ did not meaningfully alter its claims for indirect infringement in the Amended Complaint. MyPAQ alleges induced infringement "under 35 U.S.C. § 271(b) by taking active steps to encourage, facilitate, aid, and/or otherwise cause direct infringement by others, including, but not limited to, the customers of their other products." Dkt. 22, ¶¶ 62, 88. Additionally, MyPAQ alleges contributory infringement under 35 U.S.C. § 271(c) because, "Defendants have offered to sell and/or sold the Accused Instrumentality within the United States,

. . ." *Id.*, ¶¶ 71, 97. MyPAQ's conclusory allegations for these claims are missing key requirements and are insufficient as a matter of law to state a claim upon which relief can be granted.

### III.   LEGAL STANDARD

FED. R. CIV. P. 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) challenge, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.*, at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *De La Vega v. Microsoft Corp.*, No. 19-CV-00612-ADA, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020) (internal quotation marks and alterations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Statements in a complaint that parrot the language legal standard are not factual allegations and therefore are insufficient to state a plausible claim for relief. *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014) (citing *Twombly*, 550 U.S. at 555–57).

As a threshold matter, a complaint alleging indirect infringement, either by inducement or contributory infringement, must allege knowledge of the asserted patent, and a specific intent for another to directly infringe the patent. *Glob.–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011). This requires more than mere knowledge that a patent *might* be infringed:

> Qualifying or limiting [the *Global–Tech*] holding, as the Government and Commil seek to do, would lead to the conclusion, both in inducement and contributory infringement cases, that a person, or entity, could be liable even though he did not know the acts were infringing. In other words, even if the defendant reads the patent's claims differently from the plaintiff, and that reading is reasonable, he would still be liable because he knew the acts might infringe. *Global–Tech* requires more. **It requires proof the defendant knew the acts were infringing**. And the Court's opinion was clear in rejecting any lesser mental state as the standard.

2

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015) (emphasis added). Under *Global–Tech* and *Commil*, a party can only be liable for indirect infringement of a patent if the party knows (or is willfully blind to) the fact that certain actions would infringe that patent. *Id.*

## IV.  ARGUMENT

MyPAQ's Amended Complaint fails to meet two key requirements for adequately pleading indirect infringement. First, MyPAQ does not allege that Dell had pre-suit knowledge of the Asserted Patents. Second, MyPAQ's bare recital in its Amended Complaint is insufficient to plead the specific intent required for indirect infringement.

### A.  MyPAQ Fails to Plead Pre-Suit Knowledge of the Asserted Patents

MyPAQ's claims for induced and contributory infringement fail because MyPAQ does not allege that Dell had pre-suit knowledge of either of the Asserted Patents. "Actual knowledge that the patent would be infringed is required for both contributory and induced infringement." *MONKEYmedia, Inc. v. Twentieth Century Fox Home Ent, LLC*, 226 F. Supp. 3d 693, 708 (W.D. Tex. 2016) (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)). MyPAQ only alleges that Dell had the required knowledge since at least "the date of service of MyPAQ's Original Complaint on September 13, 2021[.]" Dkt. 22, ¶¶ 69, 70, 96, and 95. Because there is no allegation that Dell know of the Asserted Patents before the Original Complaint, any claim for indirect infringement before that date must fail. *See, e.g., VLSI Tech., LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019).

In addition, Dell submits that a claim for post-suit indirect infringement cannot be sustained solely on the basis of MyPAQ's Original Complaint. As recognized by other courts, patent holders should not be allowed to create a new tort claim against defendants simply by filing a complaint:

> The purpose of a complaint is to obtain relief from an existing claim and not to create a claim. [Plaintiff] has identified, and I know of, no area of tort law other than patent infringement where courts have allowed a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed the claim. The limited authority vested in our courts by the Constitution and the limited resources made available to

3

our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims. It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages.

*ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021) (internal citations and quotations omitted). Because MyPAQ is relying only on its Original Complaint to provide knowledge of the Asserted Patents, no claim for indirect infringement should be allowed in this case.

### B. MyPAQ Fails to Adequately Plead Facts Showing the Requisite Specific Intent

MyPAQ has also failed to allege any facts plausibly suggesting that Dell intended for anyone to infringe the Asserted Patents. The Amended Complaint contains only broad, conclusory allegations that Dell has "known that their customers' acts, including, but not limited to, their customers' use of the Accused Instrumentality, constituted direct infringement." Dkt. 22, ¶¶ 70, 96.[1] Notably missing are any facts to plausibly support the claim that Dell acted with the requisite knowledge and specific intent to cause infringement. *See Monolithic Power Systems, Inc. v. Meraki Integrated Circuit (Shenzhen) Technology, Ltd.*, No. 6-20-cv-00876-ADA, 2021 WL 3931910, *5 (W.D. Tex. Sep. 1, 2021) (dismissing a claim for indirect infringement where the allegations "do not contain any facts, other than mere recitations of the elements[.]"). This type of "threadbare recital[]" does not satisfy the *Twombly*/*Iqbal* pleading standard. *See De La Vega*, 2020 WL 3528411, at *2 (quoting *Iqbal*, 556 U.S. at 663).

MyPAQ's generic allegations about specific intent are indistinguishable from allegations of intent that the Federal Circuit held to be insufficient under Rule 12(b)(6):

> The First Amended Complaint stated that Defendants acted "with specific intent to urge, instruct, encourage" infringement by "causing [,] urging, aiding, or instructing others to perform one or more claimed methods of the [asserted] patent,

---

[1] These paragraphs appear in sections of the Amended Complaint addressing induced infringement, and are not directly linked to Dell's alleged intent for contributory infringement under 35 U.S.C. § 271(c). *See* Dkt. 22, ¶¶ 71 and 97 (introducing contributory claims). Even if these bare statements in paragraphs 70 and 96 can be linked to the contributory infringement allegations, the statements are insufficient to plausibly allege specific intent by Dell.

4

and acts which infringe one or more claims of the [asserted] patent" and that Defendants acted "with specific intent to induce third parties to infringe the [asserted] patent." First Amended Complaint ¶¶ 17–18. The First Amended Complaint did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement and dropped any allegation that Defendants contributorily infringed the patents. **Rather, the First Amended Complaint simply recites the legal conclusion that Defendants acted with specific intent.** The district court did not abuse its discretion when it denied the motion to amend the complaint with respect to the indirect infringement claim.

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (emphasis added) (internal quotation marks and alterations in original). Just like the patent holder in *Addition & Detoxification*, MyPAQ has only recited the legal conclusion that Dell intended its customers to infringe the Asserted Patent. That is not enough.

Further, the specific acts of indirect infringement that MyPAQ identified in the Amended Complaint are incompatible with MyPAQ's allegations of intent and knowledge. As noted above, MyPAQ only alleges that Dell gained knowledge of the Asserted Patents when MyPAQ filed its Original Complaint. *See* Dkt. 22, ¶¶ 69, 70, 96, and 95. But MyPAQ has not identified any acts by Dell **after** the Original Complaint that would reflect an intent to infringe these patents. The Amended Complaint relies on the exact same product webpages that MyPAQ identified in its Original Complaint, and MyPAQ added citations to manuals published in June 2020—over a year **before** the Original Complaint was filed. *Compare id.*, ¶¶ 63–65, 74, 98, and 101, *with* Dkt. 1, ¶¶ 48 and 52. It is not plausible for MyPAQ to allege that websites and manuals that Dell provided to customers **before Dell allegedly knew about the Asserted Patents** show any intent by Dell for its customers to infringe those patents. Because MyPAQ has not alleged that Dell has changed its conduct in any way after learning of the Asserted Patents, MyPAQ has no basis to allege that Dell has intentionally caused customers to infringe these patents.

Even setting aside the timing problem, the identified webpages and manuals fail to plausibly support a specific intent by Dell for its customers to infringe the Asserted Patents. *See* Dkt. 22, ¶¶ 63–65, 74, 98, and 101. MyPAQ fails to explain **how** the cited webpages and manuals purportedly direct users to utilize the Accused Instrumentality in a manner that would infringe the

Asserted Patents. These generic references to webpages and manuals are insufficient to support an inference of specific intent to infringe a patent. *See, e.g.*, *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *5 (W.D. Tex. Nov. 28, 2017) (dismissing allegations of induced infringement because plaintiff did "not explain in its Complaint how the [cited evidence] contain[ed] specific facts regarding [the defendant's] intent to induce infringement."); *DoDots Licensing Solutions LLC v. Lenovo Holding Co., Inc.*, No. CV-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (dismissing allegations of specific intent to induce infringement as implausible where "[a]lthough Plaintiff cites Defendant's website as support for its allegation, it does so generically and does not identify any particular statement or material that plausibly suggest Defendants intend to induce infringement of the Patents-in-Suit."). Thus, for this further independent reason, MyPAQ has failed to adequately plead any claim for indirect infringement.

## V.  CONCLUSION

For the foregoing reasons, the Court should grant Dell's Motion to Dismiss Counts 2 and 4 of the Amended Complaint with prejudice.

Dated: January 10, 2022                  Respectfully submitted,

*/s/ Paula D. Heyman*
Kevin J. Meek
Texas State Bar No. 13899600
Paula D. Heyman
Texas State Bar No. 24027075
Mark Speegle
Texas State Bar No. 24117198
**Baker Botts L.L.P.**
98 San Jacinto Blvd, Ste 1500
Austin, TX 78701
Telephone: (512) 322-2500
Facsimile: (512) 322-2501
Kevin.Meek@bakerbotts.com
Paula.Heyman@bakerbotts.com
Mark.Speegle@bakerbotts.com

***ATTORNEYS FOR DEFENDANTS DELL TECHNOLOGIES INC. AND DELL INC.***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being served via the Court's CM/ECF system on January 10, 2022, on all counsel of record who consent to electronic service.

By: */s/ Paula D. Heyman*
     *Paula D. Heyman*

7